```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**RAYMOND WAYNE SULLIVAN,**

                                **Petitioner,**

                **v.**                                      **CASE NO. 18-3015-JWL**

**COMMANDER,**
**MCCONNELL AIR FORCE BASE,**

                                **Respondent.**


**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner seeks relief from his 1984 military conviction.

Respondent has filed an Answer and Return, or, in the Alternative, Motion to Dismiss (Doc. #5), and petitioner filed a Traverse (Doc. #8). At the direction of the Court, respondent filed a supplement to the response (Doc. #10), and petitioner filed a reply (Doc. #14), which incorporates a request to appoint counsel.

Having considered the record, the Court grants the motion to dismiss.

**Background**

Petitioner currently is incarcerated in Texas on a state sentence. He was incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB), between approximately May 25, 1984, through approximately July 2, 1990, following his 1984 conviction in a court-martial convened at McConnell Air Force Base. In that proceeding, petitioner was sentenced to a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade, Airman Basic.

Petitioner first sought relief from his conviction by submitting a post-trial clemency evaluation. In January 1985, he submitted an assignment of error to the Air Force Court of Military Review. In June 1985, that court reassessed petitioner's sentence, reduced his term of confinement to 15 years, and affirmed the remaining sanctions. Finally, in July 1985, petitioner sought relief in the United States Court of Military Appeals. He was discharged from the United States Air Force in November 1985, following the completion of appellate review.

In September 1992, petitioner's military parole was revoked due to his July 1992 Texas criminal conviction, under which he is serving a term of life.

Petitioner commenced this action in January 2018. He presents three challenges to his military conviction, namely, that he was denied an indictment by a grand jury, that the military court lacked jurisdiction, and that he was denied due process. He seeks a reversal of his military conviction and other, unspecified relief.

**Discussion**

Respondent's motion to dismiss presents two claims, first, that the Court lacks jurisdiction to consider this matter, and second, that petitioner has failed to present a claim upon which relief may be granted.

To obtain habeas corpus relief, an applicant must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this to require that a petitioner "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91

(1989)(citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). This custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cty., Cal.*, 411 U.S. 345, 351 (1973). A petitioner "must satisfy the custody requirement at the time the habeas petition is filed." *Calhoun v. Atty. General of Col.*, 745 F.3d 1970, 1073 (10th Cir. 2014)(citing *Maleng*, 490 U.S. at 491).

The requirement that a petitioner be "in custody" does not require physical incarceration but includes severe restraints that arise from the criminal conviction, such as parole or probation. *Hensley*, *id*. However, "collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." *Calhoun*, 745 F.3d at 1973 (internal quotation marks omitted).

The Court has studied the record and agrees that this matter should be dismissed for lack of jurisdiction. First, the habeas corpus statute, 28 U.S.C. § 2241, provides that the district courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

The United States Supreme Court has held that this provision requires "'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)(quoting *Braden v. 30th Jud. Circ. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). Clearly, petitioner could have filed a petition in this Court during the time he was incarcerated at the USDB. But petitioner does not now allege, and the record does not suggest, that he either

is in custody under his military sentence or faces any future custody under it. The respondent's supplemental response states that petitioner "is not subject to military custody in any manner, including military parole." (Doc. #10, p. 1.).

Accordingly, the Court finds petitioner is no longer in custody under the military conviction he challenges and concludes there is no basis for jurisdiction over his habeas corpus claims.

Finally, the Court denies petitioner's request for the appointment of counsel. An applicant for habeas corpus relief does not have a constitutional right to counsel. *Swazo v. Wyoming Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). Instead, the decision whether to appoint counsel lies in the discretion of the district court. *Id*. "A district court may appoint counsel for § 2241 applicants if it 'determines that the interests of justice so require.'" *Pinson v. Berkebile*, 576 Fed. Appx. 710, 714 (10th Cir. 2014)(citing 28 U.S.C. § 3006A(a)(2)(B)).

As explained above, the Court finds no grounds for jurisdiction exist in this matter, as petitioner is no longer in military custody. Accordingly, as the Court can grant no relief from the conviction, the appointment of counsel would not serve the interests of justice.

IT IS, THEREFORE, BY THE COURT ORDERED respondent's motion to dismiss (Doc. #6) is granted and this matter is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #15) is denied.

**IT IS SO ORDERED.**

DATED:  This 27th day of June, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge